# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-0344V

| | |
|---|---|
| DESTINEE OBER,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: April 9, 2025 |

*Christopher E. Hultquist*, Law Office, Providence, RI, for Petitioner.

*Rachelle Bishop*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On March 4, 2024, Destinee Ober filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Table shoulder injury related to vaccine administration ("SIRVA"), as the result of an influenza ("flu") vaccination received on September 21, 2022. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 9, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation. On April 2, 2025, Respondent filed a combined Rule 4(c) report and proffer on award of compensation ("Rule 4/Proffer") indicating Petitioner should be awarded a total of $97,965.14 (consisting of $80,000.00 in pain and suffering and $17,965.14 in lost wages) and $1,879.04 in satisfaction of the Connecticut Administrative Services Medicaid lien. Rule 4/Proffer at 5-6. In the Rule 4/Proffer, Respondent represented that Petitioner

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Rule 4/Proffer.

Pursuant to the terms stated in the Rule 4/Proffer, **I award Petitioner the following:**

A. A lump sum payment of **$97,965.14**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner; and

B. A lump sum payment of **$1,879.04**, representing compensation for satisfaction of the Connecticut Administrative Services Medicaid lien, in the form of a check payable jointly to petitioner and:

>   State of CT DAS
>   PO Box 601
>   Manchester, CT 06045

**Petitioner agrees to endorse the check to "State of CT DAS" for satisfaction of the Medicaid lien.**

These amounts represent compensation for all damages that would be available under Section 15(a). The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.